## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LUXCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-349 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| JIM BEAM BRANDS CO., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Luxco, Inc. ("Luxco"), by and through its undersigned attorneys, for its

Complaint against Defendant Jim Beam Brands Co. ("Beam" or "Defendant") alleges as follows:

## INTRODUCTION

1.      This is an action for breach of express representations and warranties, including

intentional misstatements, related to Beam's offer, sale, and transfer of certain assets to Luxco by

way of an Asset Purchase Agreement (the "APA") dated January 18, 2013 and duly entered into

and signed by Luxco and Beam.

## THE PARTIES

2.      Luxco is a corporation organized and existing under the laws of the State of

Missouri and whose principal place of business is located at 1000 Clark Avenue, St. Louis,

Missouri 63102.

3.      Upon information and belief, defendant Jim Beam Brands Co. is a corporation

organized and existing under the laws of the State of Delaware with its principal place of

business at 510 Lake Cook Road, Deerfield, Illinois 60015.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Furthermore, the Court has personal jurisdiction over the parties pursuant to an express agreement to consent to the jurisdiction of any federal court located in Chicago, Illinois as set forth in Section 10.9 of the APA.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District.  Furthermore, venue is proper in this District pursuant to an express agreement for this venue as set forth in Section 10.9 of the APA.

## COUNT I:  BREACH OF EXPRESS REPRESENTATIONS AND WARRANTIES

6.     Luxco restates and incorporates the allegations contained in Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7.     Beginning in November, 2012, Luxco and Beam entered into negotiations for the sale of certain intellectual property and other assets ("Acquired Assets") by Beam to Luxco, including the exclusive right to sell certain brands identified within the APA ("Acquired Brands").

8.     On January 18, 2013, Luxco and Beam entered into the APA for the sale of the Acquired Assets by Beam to Luxco in exchange for valuable consideration.  As part of the sale, Luxco purchased certain representations and warranties set forth in Article III of the APA.

9.     The APA closed on January 31, 2013.

10.     Beam attached to and included in the APA a brand schedule ("Schedule 3.14") purporting to list information with respect to the Acquired Assets, including the number of shipment cases and net sales of each of the Acquired Brands.

11.     In paragraph 3.14 of the APA, Beam represented and warranted that the information contained in the Schedule 3.14 was "true, complete and accurate in all material respects."

12.     The information in Schedule 3.14 was not, in fact, true, complete and accurate in all material respects. Specifically, it did not state that the total numbers of cases of Acquired Brands sold in the periods listed on the schedule were contingent upon and directly tied to sales of other Beam brands that were not the subject of the APA, and that sales of the Acquired Brands would inevitably and significantly drop upon severance from the remaining family of Beam brands. Failure to make that disclosure was a material omission from Schedule 3.14, rendering Schedule 3.14 to be an intentional misstatement of material fact.

13.     In paragraph 3.13 of the APA, Beam represented and warranted that "[f]rom November 16, 2012. . . there has been no Material Adverse Effect", with Material Adverse Effect being defined in paragraph 9.1 of the APA as "any change, effect, event, occurrence or state of facts that, taken individually or together with all other changes, effects, occurrence or state of facts, would be materially adverse to the operations, results of operation or condition (financial or otherwise) of the business of the Seller related to the sale of the Products or the brands related to the Products, in each case, taken as a whole; provided, however, Material Adverse Effect shall not include (i) any changes in general economic conditions, (ii) any changes, effects, events, occurrences or state of facts that generally affect the distilled beverage industry that do not

3

disproportionately affect the Products or (iii) any acts of terrorism or acts of war that do not disproportionately affect the Products."

14.     On information and belief, on or after November 16, 2012, a Material Adverse Effect occurred, due to one or more national retail accounts indicating that it was refusing to purchase vodka liqueurs, including, without limitation one or more of the Acquired Brands. Beam's failure to make that disclosure in paragraph 3.13 was a material omission, rendering paragraph 3.13 to be an intentional misstatement of material fact.

15.     In addition, Section 6.1(a) of the APA contains a statement by Beam that the representations and warranties made by Beam in Article III of the APA were true and correct in all respects at and as of the closing date.

16.     In support of its statements in Section 6.1(a), as reflected by Section 6.1(c) of the APA, Beam provided Luxco with a certificate that its representations and warranties it made to Luxco in Article III of the APA were "true and correct" as of the closing date.

17.     Luxco has performed all of its obligations with respect to the APA.

18.     Because the representations and warranties contained in the Sections 3.13 and/or 3.14, 6.1(a), and 6.1(c) of the APA, as well as the information contained in Schedule 3.14, were not true, complete and accurate as explicitly represented by Beam, Beam breached its contract with Luxco.

19.     As a result of Beam's breach of the APA, Luxco has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff Luxco, Inc. respectfully prays that the Court enter judgment in its favor and against Defendant Jim Beam Brands, Co. and award Luxco damages in an amount

exceeding $75,000.00 to be determined by the fact finder, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Luxco demands a trial by jury on all claims as to which a jury trial may be had.

Dated: January 17, 2014

HUSCH BLACKWELL LLP

/s/ Michael R. Annis
Michael R. Annis

190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
mike.annis@huschblackwell.com

and

James P. White
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501
james.white@huschblackwell.com

*Attorneys for Plaintiff Luxco, Inc.*