# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUXCO, INC., | ) |
|     Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 14 C 0349 ) ) |
| JIM BEAM BRANDS CO., | ) ) |
|     Defendant/Counter-Plaintiff. | ) ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 6, 2016, the Court granted in part and denied in part Defendant/Counter-Plaintiff Jim Beam Brands Co.'s ("Beam") motion for summary judgment, and, on June 9, 2016, the Court set a bench trial for November 28, 2016. The remaining claims in this lawsuit include: (1) Count I of the First Amended Complaint in which Plaintiff/Counter-Defendant Luxco, Inc. ("Luxco") alleges that Beam breached the express warranty in Section 3.14 of the parties' Asset Purchase Agreement ("APA"); and (2) Beam's breach of contract Counterclaim, in which Beam alleges that Luxco breached the parties' Transaction Services Agreement ("TSA").[1] The Court presumes familiarity with its earlier orders in this lawsuit, including the September 14, 2014 motion to dismiss order, the June 6, 2016 summary judgment ruling, and the September 6, 2016 ruling under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

---

[1] New York law governs the parties' breach of contract claims pursuant to the APA's governing law provision, Section 10.8.

Before the Court is Beam's motion in limine to exclude evidence of pre-contractual representations and the parties' due diligence. Also before the Court is Luxco's request to present deposition testimony at trial of former Beam officers John Lee and Kevin Cooke – who will also be live witnesses at the bench trial – pursuant to Federal Rule of Civil Procedure 32(a)(3). For the following reasons, the Court, in its discretion, denies Beam's motion in limine to bar evidence of pre-contractual representations and the parties' due diligence. Furthermore, the Court, in its discretion, grants Luxco's request to present deposition testimony of former Beam officers John Lee and Kevin Cooke. To ensure that the Cooke and Lee designations are not repetitious or immaterial in light of their live trial testimony, the parties must provide the Court with the written transcripts of these depositions highlighting the proposed testimony and a detailed explanation of why the designations are or are not repetitious or immaterial by no later than November 14, 2016.

## BACKGROUND

Beam is an Illinois-based producer and bottler of alcoholic beverages and sells its products to a nationwide network of independent distributors. Luxco, which is based in St. Louis, Missouri, is also one of the nation's leading beverage alcohol companies. In March 2012, the parties began discussing Beam's potential sale to Luxco of the exclusive right to sell thirteen brands of alcoholic beverages. On January 18, 2013, Luxco and Beam executed the relevant APA. On January 31, 2013, the parties closed on the transaction.

During the initial due diligence period, Luxco's Chief Executive Officer emailed a list of requests to Beam's Vice President of North American Strategy, John Lee, and Beam's Senior Director for North American Strategy and Revenue Management requesting information about

2

the "Annual Marketing Spend by Brand" and a "List of programs, pricing promotions, free goods and entity grants by state (distributor) costs by year." In general, Beam uses entity grants and local marketing funds ("LMF") as incentive programs to support marketing and distribution of its brands. Beam and some of its distributors, for example, pay LMF funds for local advertising, merchandising materials, and price support to retailers. At summary judgment, Luxco presented evidence creating a genuine issue of material fact for trial that it was not until after the execution of the parties' APA that it discovered Beam was financing its distributors to use the Acquired Brands as free goods in order to induce sales of Beam's other brands.

Likewise, before the execution of the APA, Beam provided credits to distributors to maintain sales of Wolfschmidt vodka in Florida and Arizona in 2012. In particular, Beam agreed to provide its distributors with credits against Beam's annual sales targets in those two states. At summary judgment, Luxco presented evidence that without the Wolfschmidt credits, sales of Wolfschmidt vodka would have significantly declined during 2012.

On November 1, 2012, Luxco and Beam met at Beam's Deerfield, Illinois offices where the parties outlined the draft of the APA. On November 12, 2012, as part of a letter of intent, Beam provided Luxco with a Brand Detail Sheet that reported by brand the total shipment cases, net sales, gross profit, brand investment, and brand contribution for 2009 through 2011, as well as the trailing twelve month period ending October 31, 2012 ("TTM October 2012"). On November 18, 2012, Luxco e-mailed a Term Sheet, Due Diligence & Closing Checklist and the Brand Detail Sheet provided by Beam six days earlier, which recited the tentative terms of the deal. Luxco's November 18, 2012 Due Diligence and Closing Checklist included a request for copies of Beam's Distributor Agreements, which Beam did not turnover. Also, Luxco requested

that Beam identify its "retail account incentives/programs by brand by retailer and distributor," to which Beam responded "No incentives or BI [Brand Incentive] dollars go toward the [Acquired Brands]."

Luxco and Beam executed the APA on January 18, 2013, pursuant to which Luxco would acquire from Beam the exclusive right to sell the Acquired Brands. As part of the APA negotiations, Luxco bargained for and purchased representations and warranties from Beam regarding the Acquired Brands. More specifically, Luxco bargained for and purchased the representations and warranty in Section 3.14 of the APA, which states:

> **Brand Detail Sheet**. The Brand Detail Sheet provided by the Seller to the Purchaser attached as Schedule 3.14 is true, complete and accurate in all material respects.

Schedule 3.14 entitled "Brand Detail Sheet" is a spreadsheet that lists the shipped cases and net sales for the years 2009 through 2011 and TTM October 2012 for all of the Acquired Brands. At summary judgment, it was undisputed that the parties relied upon the "Brand Detail Sheet" during their contract negotiations.

Relevant to the present in limine motion, the APA also states:

> 10.5. Entire Agreement. This Agreement (including the Exhibits and Schedules hereto) and the Ancillary Documents, when executed and delivered, constitute the entire agreement and supersede all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and thereof."

(R. 93-1, APA.) The APA also includes the following limitations:

> 3.20 Limitations. EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT OR ANY ANCILLARY DOCUMENT, THE SELLER MAKES NO REPRESENTATIONS OR WARRANTIES OF OR CONCERNING THE PRODUCTS, THE ACQUIRED ASSETS OR THE ASSUMED CONTRACT AND HEREBY EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES WITH RESPECT THERETO. WITHOUT LIMITING THE GENERALITY OF

THE FOREGOING, THE SELLER DOES NOT MAKE ANY REPRESENTATION OR WARRANTY AS TO THE FUTURE SALES OR PROFITABILITY OF THE PRODUCTS.  ALL SUCH OTHER REPRESENTATIONS AND WARRANTIES, AND ALL REPRESENTATIONS AND WARRANTIES OTHER THAN THOSE SET FORTH IN THIS <u>ARTICLE III</u>, ARE HEREBY EXPRESSLY DISCLAIMED BY THE SELLER.

(*Id.*)

## LEGAL STANDARD

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016); *Whitfield v. Int'l Truck & Engine Corp.,* 755 F.3d 438, 447 (7th Cir. 2014).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *see also Dietz v. Bouldin*, ___ U.S. ___, 136 S.Ct. 1885, 1891 195 L.Ed.2d 161 (2016) ("The Federal Rules of Civil Procedure set out many of the specific powers of a federal district court," but "they are not all encompassing," for example, they make no provision "for the power of a judge to hear a motion *in limine.*").  "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013).  It is well-established that a motion in limine "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and that it "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

**ANALYSIS**

**I.      Motion in Limine**

In this lawsuit, Luxco asserts that Beam breached the express warranty in Section 3.14 of the APA because Schedule 3.14 provides inaccurate and incomplete shipment and net sales figures as a result of Beam's use of LMF price supports for free goods programs, brand discounts, and other support programs that increased the sales figures and shipped case numbers. In the present in limine motion, Beam argues that because the parties' APA is a fully integrated contract that expressly disclaims reliance on any representations and warranties other than those set forth in the contract, the Court should bar evidence of pre-contractual representations and the parties' due diligence. Beam asserts that this evidence is irrelevant as a matter of law as to Luxco's breach of Section 3.14 of the APA and that its admission would violate the parole evidence rule based on the APA's integration clause.[2]

On the other hand, Luxco argues that prior to signing the APA, its sought to obtain all of the costs and expenses associated with selling the Acquired Brands to evaluate the brands' true value and determine the purchase price. At trial, Luxco intends to present evidence regarding its inquiries, Beam's responses, and the parties' negotiations that resulted in the Brand Detail Sheet and Schedule 3.14, which is the focal point of Luxco's breach of contract claim. Further, Luxco maintains that this evidence does not alter the explicit terms of the warranty, but is context and background that will assist the trier of fact in determining whether Beam breached the express

---

[2] In support of its motion in limine, Beam also raises substantive legal arguments about its duty to indemnify as outlined by Section 8.2(a) of the APA. In addition, Beam has raised issues regarding Section 8.2(a) it in its Proposed Findings of Fact and Conclusions of Law. The Court will address the parties' Section 8.2(a) arguments after they have had the opportunity present evidence and argument at trial and more fully address this issue in their post-trial briefs.

warranty in Section 3.14.

### A. Relevancy

The Court first turns to the parties' relevancy arguments. Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed.R.Evid. 401; *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). Rule 402 "provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros,* 668 F.3d at 907. The Court, however, may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When considering Rule 403, courts use "a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *Whitehead v. Bond,* 680 F.3d 919, 930 (7th Cir. 2012). "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *Morgan v. City of Chicago,* 822 F.3d 317, 339 (7th Cir. 2016) (citation omitted).

The parties do not dispute that in order to calculate the fair and accurate value of the Acquired Brands, it was necessary for Luxco to have true, complete, and accurate information pertaining to the Acquired Brands' shipped cases, net sales, and brand contributions. (R. 150-7, Ex. G, ¶ 14.) Evidence at summary judgment showed that Beam provided Luxco with information on the Brand Detail Sheet (Schedule 3.14), which included shipment cases, net

7

sales, gross profit, brand investment, and brand contribution for 2009 through 2011, as well as TTM October 2012. Also at summary judgment, it was undisputed that the parties relied upon this Brand Detail Sheet during their contract negotiations.

In addition, as the Court discussed in its earlier *Daubert* ruling, Luxco's damages expert David Bratcher described how he arrived at the damages amounts for Beam's alleged breach of the express warranty in Section 3.14. The starting point for Bratcher's damages calculation was the Acquired Brands' sales, as reported by Beam during APA negotiations, and as reflected by the Brand Detail Sheet memorialized as Schedule 3.14. Using a multiple of earnings methodology, Bratcher subtracted the value of the costs of goods for the Acquired Brands, as well as all brand support. After Bratcher subtracted the brand support, he arrived at the Acquired Brands' "brand contribution," also known as "Contribution After Marketing and Promotion." He then multiplied the brand contribution number by 6.6 – a multiplier that the parties had negotiated prior to closing on the transaction.

Under the circumstances, the parties' due diligence and contract negotiations will give the Court – as factfinder – relevant background information in relation to whether Beam breached Section 3.14 and any related damages. *See Boros*, 668 F.3d at 908 ("one measure of relevance is whether 'its exclusion would leave a chronological and conceptual void in the story.'") (citation omitted). Whether Beam provided inaccurate and incomplete shipment and net sales figures as a result of Beam's use of LMF price supports for free goods programs, brand discounts, and other support programs is at the core of Luxco's theory of liability. To exclude evidence about the parties' exchange of information during the contract negotiations and due diligence, including Luxco's inquiries into the Acquired Brands' true value, would leave out

8

important contextual information. Indeed, Beam admits that the parties have stipulated to some of this contextual evidence, such as the fact that Beam did not disclose to Luxco the existence of LMFs in connection with the Acquired Brands. (R. 150, Joint Proposed Pretrial Order, Ex. A, ¶ 13.) That the parties stipulated to certain aspects of their pre-contractual negotiations and due diligence further supports the relevance of this evidence.

Moreover, any Rule 403 concerns as to prejudice or confusion are not at issue in the context of a bench trial. *See United States v. Reed*, 744 F.3d 519, 525 (7th Cir. 2014); *United States v. Shukri,* 207 F.3d 412, 419 (7th Cir. 2000); *United States v. Jones*, No. 14 CR 155, 2016 WL 153156, at *6 (N.D. Ill. Jan. 13, 2016); *United States v. Dish Network, L.L.C.,* No. 09 CV 3073, 2015 WL 8081772 (C.D. Ill. Dec. 7, 2015). Also, because this is a bench trial, the Court will determine what weight, if any, to give this evidence and may disregard the evidence later in the proceedings if Rule 403 concerns so dictate. On a final note, contrary to Beam's assertions, admission of this evidence will not waste time given its relevance and the short duration of the trial. *See* Fed.R.Evid. 403.

### B. Parole Evidence Rule

The Court turns to Beam's argument that the admission of the parties' pre-contractual representations and due diligence violates the parole evidence rule. As the parties are aware, the Court rejected Beam's argument that Luxco could not rely on extrinsic evidence that pre-dates the signing of the APA when denying Beam's Rule 12(b)(6) motion on September 11, 2014:

> Beam's reliance on the parol evidence rule and the integration clause fails because Luxco does not attempt to contradict or modify the terms of the APA. *See Marine Midland Bank–Southern v. Thurlow,* 53 N.Y.2d 381, 387, 442 N.Y.S.2d 417, 425 N.E.2d 805 (1981) ("the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of the writing."); *see also Kamp v.*

9

> *Fiumera*, 69 A.D.3d 1168, 1170, 893 N.Y.S.2d 662 (N.Y.App.Div. 2010). Luxco instead included allegations regarding the parties' pre-APA negotiations as context for the parties' contract, which is permissible. *Schron v. Troutman Sanders, LLP,* 97 A.D.3d 87, 94, 945 N.Y.S.2d 25 (N.Y.App.Div. 2012) (finding that parol evidence can be used to establish or rebut asserted facts, but not to vary unambiguous terms of a contract).

*Luxco, Inc. v. Jim Beam Brands, Co.,* No. 14 C 0349, 2014 WL 4477560, at *5 (N.D. Ill. Sept. 11, 2014).

Here, it is undisputed that Luxco is not trying to use extrinsic evidence to contradict or vary unambiguous terms of the APA. *See HOP Energy, L.L.C. v. Local 553 Pension Fund,* 678 F.3d 158, 162 (2d Cir. 2012) ("Extrinsic evidence cannot be used to vary the terms of a facially unambiguous contract."). Further, despite Luxco's argument to the contrary, under New York law, "[o]nly when a court finds ambiguity in the parties' written agreement may it look to extrinsic evidence to discern the parties' intent." *Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G.,* 784 F.3d 78, 87 (2d Cir. 2015); *see also In re Coudert Bros.,* 487 B.R. 375, 389 (S.D.N.Y. 2013) ("It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations."). That being said, Luxco seeks to present evidence regarding the circumstances surrounding the formation and execution of the APA to give context, and under New York law, parties may introduce parol evidence "so long as it is not inconsistent with and does not vary or contradict the written agreements." *Lowell v. Twin Disc, Inc.,* 527 F.2d 767, 770 (2d Cir. 1975); *see also Schron v. Troutman Saunders LLP,* 97 A.D.3d 87, 94 (N.Y. App. Div. 2012) ("parol evidence can be used to establish or rebut asserted facts, not to vary the unambiguous terms of a contract"). Therefore, Beam's argument based on the parol evidence

rule is without merit.

Because Beam has not established that evidence of pre-contractual representations and the parties' due diligence is inadmissible for any purpose, the Court denies the present motion in limine. *See SEC v. Ferrone,* 163 F. Supp. 3d 549, 555 (N.D. Ill. 2016) ("moving party bears the burden of establishing clear inadmissibility").

## II. Deposition Testimony – Rule 32(a)(3)

Next, Luxco seeks to present deposition testimony at trial of former Beam officers John Lee and Kevin Cooke – who will also be live witnesses at the bench trial – pursuant to Federal Rule of Civil Procedure 32(a)(3). Rule 32(a)(3) governs the use of deposition testimony at trial stating: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." Relying on *Fey v. Walston & Co.,* 493 F.2d 1036, 1046 (7th Cir. 1974), Luxco maintains that it can use Lee's and Cooke's deposition testimony "for any purpose," including as part of its case-in-chief, and despite the fact that they will testify at the bench trial.[3] *See also Jamsport Entm't, LLC v. Paradama Prods., Inc.,* No. 02 C 2298, 2005 WL 14917, at *4 (N.D. Ill. Jan. 3, 2005) (under Rule 32(a), "a party may use in evidence for any purpose the deposition of an officer, director, or managing agent of an opposing party," and not "merely for impeachment purposes."); *C.R. Bard, Inc. v. M3 Sys., Inc.,* 866 F. Supp. 362, 363 (N.D. Ill. 1994) (plaintiff may "introduce deposition testimony of [defendant's] officers as substantive proof – regardless of the availability of the officers."); *W.R. Grace & Co. v. Viskase Corp.,* No.

---

[3] Although deposition testimony generally is hearsay, under Federal Rule of Evidence 801(d), the deposition testimony of a party-opponent in an individual or representative capacity is not hearsay where it is offered against the opposing party as an admission.

90 C 5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991) ("deposition of party witness may be introduced as substantive evidence even if party witness is available at trial").

In *Fey*, the Seventh Circuit discussed the use of a party's deposition testimony at trial, concluding that the "pre-trial deposition of a party is in a position different from that of an ordinary witness, and may be introduced as a part of the adversary's substantive proof irrespective of the fact that the party is available to testify or has testified at the trial." *Id.* at 1046; *see also* 8A Wright, Miller, & Marcus, *Fed. Prac. & Proc. Civ.* § 2145 ("Rule 32(a)(3) allows the deposition of a party to be used by an adverse party for any purpose. The same free use may be made of the deposition of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, association, or governmental agency if the corporation or other organization is a party to the action."). Thus, Luxco may use the deposition testimony of Beam's officers Cooke and Lee at trial even though Cooke and Lee will also be testifying in person. *See Fey*, 493 F.3d at 1046; *see also* 8A Wright, Miller, & Marcus § 2145 (court "may not refuse to allow the deposition to be used merely because the party is available to testify in person").

Nevertheless, although this "provision of Rule 32 should be liberally construed," *see also* 8A Wright, Miller, & Marcus § 2145, "there are limitations which afford a trial court reasonable latitude for expedition of the trial." *Fey,* 493 F.2d at 1046; *see also Hasham v. California State Bd. of Equalization*, 200 F.3d 1035, 1050 (7th Cir. 2000) ("The conduct of a trial and rulings on evidence, motions and trial direction, are subject to the sound discretion of the trial court."). In particular, the Court may exclude repetitious or immaterial deposition testimony, *see Fey,* 493 F.2d at 1046, or deposition testimony that is otherwise inadmissible under the Federal Rules of

12

Evidence. *See* Fed.R.Civ.P. 32(a).

In the final pre-trial order, the parties provided the Court with a schedule of their deposition designations, including designations for both Cooke and Lee, as well as their objections and counter-designations. To ensure that the Cooke and Lee designations are not repetitious or immaterial in light of their live trial testimony, the parties must provide the Court with the written transcripts of these depositions highlighting the proposed testimony and a detailed explanation of why the designations are or are not repetitious or immaterial by no later than November 14, 2016.

## CONCLUSION

For these reasons, the Court, in its discretion, denies Beam's motion in limine, and grants Luxco's request to present deposition testimony at trial of Beam's former officers.

**Dated:** October 24, 2016

        **ENTERED**

        _____
        **AMY J. ST. EVE**
        **United States District Court Judge**